IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LOUIS DOUGLAS MEDFORD,           §
                                  §
         Movant,                  §
                                  §
v.                                §     No. 3:21-cv-01630-M (BT)
                                  §     No. 3:17-cr-00510-M-1
UNITED STATES of AMERICA,         §
                                  §
         Respondent.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Louis Douglas Medford, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. But Medford's direct appeal is still pending before the Fifth Circuit Court of Appeals. Therefore, Medford prematurely filed his § 2255 motion, and the Court should dismiss this civil action.

I.

Medford pleaded guilty to the following charges in the superseding indictment: (1) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one); (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (count two); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count three); and (4) possession with intent to distribute

a controlled substance in violation of 21 U.S.C. § 841(a)(1) (count four). On January 28, 2020, the Court sentenced Medford to a total aggregate sentence of 120 months' imprisonment. He received 60 months' imprisonment on counts one, two, and four, to run concurrently, and sixty months' imprisonment on count three, to run consecutive to counts one, two, and four. On January 29, 2020, Medford filed a notice of appeal in this Court, and at this time, his direct appeal remains pending before the Fifth Circuit Court of Appeals.

## II.

"A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal." *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (citing *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988)); *see also Lopez v. United States*, 2018 WL 3448557, at *1 (N.D. Tex. June 25, 2018), *rec. adopted* 2018 WL 3438908 (N.D. Tex. July 17, 2018). When a § 2255 motion is filed during the pendency of a direct appeal, it is "not entitled to consideration on the merits." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam). This is so because the "disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (per curiam). When a movant seeks § 2255 relief while his direct appeal is pending, the district court should decline to address the § 2255 motion and dismiss the action without prejudice. *See Bernegger*, 661 F3d at 241 ("The District Court correctly determined that Bernegger's habeas corpus petition was not ripe for review."); *see also Cruz v. United States*, 2013 WL 459932, at *1 (N.D. Tex. Jan. 16, 2013) (recommending

the § 2255 motion be summarily dismissed without prejudice because it was filed while his direct appeal was pending), *rec. adopted* 2013 WL 462354 (N.D. Tex. Feb. 5, 2013); *Canales v. United States*, 2007 WL 646189, at *1 (N.D. Tex. Feb. 28, 2007) ("[T]his case is dismissed without prejudice for lack of jurisdiction because this court has no jurisdiction to consider this petition while he has a direct appeal of his criminal conviction pending.").

Here, Medford filed his notice of appeal in this Court on January 29, 2020, and at this time, his direct appeal is still pending before the Fifth Circuit. *See United States v. Medford*, No. 20-0111 (5th Cir). Medford's § 2255 motion—filed in this Court on June 1, 2021—was therefore prematurely filed.[1]  The Court should dismiss Medford's § 2255 motion without prejudice to his right to refile once his direct appeal has been finally adjudicated.

### III.

The Court should DISMISS the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

SO RECOMMENDED

August 2,2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Medford's § 2255 motion, apparently mailed by prison officials, is signed and dated June 1, 2021. Mot. 23 (ECF No. 2).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).